```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

Dana DeMerchant and Gary         :
DeMerchant,                      :
        Plaintiffs,              :
                                 :
    v.                           :    File No. 1:05-CV-316
                                 :
Springfield School District,     :
Vermont Department of            :
Education, and Dan Jerman,       :
        Defendants.              :

<u>OPINION AND ORDER</u>
(Papers 11 and 15)

Plaintiffs Dana and Gary DeMerchant, each proceeding *pro se*, are the parents of a child who is seeking special education services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). The DeMerchants claim not only that their child has been wrongfully denied the services to which he is entitled, but also that their rights as parents have been violated. With respect to the latter claim, the DeMerchants assert that they tried to raise their concerns at a due process hearing, but the hearing officer barred them from presenting the issues they wanted reviewed.

Defendant Vermont Department of Education ("DOE") has moved for judgment on the pleadings (Paper 11), arguing that the proper defendant is the hearing officer, and that the complaint alleges no specific wrongdoing by the DOE. Defendant Springfield School Department ("School Department")

has moved to dismiss (Paper 15), arguing that the DeMerchants cannot bring claims on behalf of their son while proceeding *pro se*.  The School Department concedes, however, that the DeMerchants may bring claims *pro se* for violations of their own rights under the IDEA.  For the reasons set forth below, the motions submitted by the DOE and the School Department are GRANTED.

## Factual Background

For purposes of the pending motions, the allegations in the complaint will be accepted as true.  The DeMerchants' son, K.D., has attended school in the Springfield School District since 2002.  He arrived in Springfield with an Individualized Education Plan ("IEP") that "hinted at an Autism Spectrum Disorder . . . ."  (Paper 5 at 1).  After the DeMerchants repeatedly requested testing for their son, the School Department authorized an observation in February, 2004.  As a result of the observation, the DeMerchants were told that K.D.'s education plan needed to be altered.  The School Department did not implement the recommended changes, and K.D.'s condition quickly declined.  As the DeMerchants explain in their complaint:

> None of the school districts [sic] doctors [sic] recommendations from the observation were put into place.  One month later our son collapsed.  He was vomiting, had total loss of bowel control to the point of being put into a diaper and he refused to eat.  He refused to eat for about 7 weeks, he went

>  from 130 lbs to 106 lbs and in the end he was
>  admitted into the hospital.

Id.

During his hospitalization, K.D. was diagnosed with "an Autism Spectrum Disorder." Id. Upon his release, it was recommended that he receive a one-on-one aide. This recommendation was never adopted. Moreover, the School District "felt the need to try to prove [K.D.] truant," and K.D. was "forced back into school without any of the supports his doctors say he needs. It was at this point that he started to collapse again and had to be medicated." Id.

In November, 2004, the School District allegedly removed K.D.'s IEP based upon a physician's statement that K.D.'s diagnosis had been withdrawn. The DeMerchants challenged the removal of the IEP, and a telephonic due process hearing was held. The hearing officer, defendant Dan Jerman, allegedly limited the hearing to the question of whether testing had been performed on K.D., and did not allow the DeMerchants to speak. When the DeMerchants attempted to challenge the results of the testing, and to present evidence of independent test results, Jerman allegedly informed them that those issues would need to be raised in a second due process hearing. Id. at 2.

A second due process hearing was scheduled, but the DeMerchants were told that they would not be allowed to

present any issues that could have been raised at the first due process hearing.  Consequently, the DeMerchants are appealing the first due process hearing "based on the fact that it was solely limited to a phone call, it did not address the scope of the corrective measures outlined in the administrative complaint or any of our documented protest letters . . . ."  Id.  The DeMerchants further claim that Jerman failed to allow "the evidence to be presented and argued."  Id.  In a separate filing (Paper 20), the DeMerchants have submitted a "Request for Relief" seeking substantive relief for their son, including independent testing at a specific hospital in Boston, removal of Jerman as a hearing officer, and monitoring of Jerman's past and present cases.

Discussion

I.  Legal Framework

On a motion to dismiss or a motion for judgment on the pleadings, the Court must read the plaintiff's complaint with generosity.  See Irish Lesbian and Gay Organization v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1999) (same test applies under Rules 12(b)(6) and 12(c)); Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).  Taking the allegations in the complaint as true, the court must construe the complaint in the light most favorable to the plaintiff,

and must draw all inferences in plaintiff's favor.  See Warth v. Seldin, 422 U.S. 490, 502 (1975); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The complaint must not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Indeed, there is an important difference between disposing of a case at the outset and resolving the case later in the proceedings, for example by summary judgment.  See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).  In a motion to dismiss, "the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims."  Id. (citations and internal quotation marks omitted).  *Pro se* complaints are to be construed more liberally than complaints drafted by trained attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

II.  Department of Education's Motion for Judgment

The DOE has moved for dismissal and judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), arguing that the complaint is void of any specific allegations against it.  The DOE further claims that it cannot be held

liable for the actions of an independent hearing officer.  In response, the DeMerchants contend that "the department allowed Mr. Jermans [sic] failure to comply with the [IDEA] and Vermont Department of Education's Special Education Regulations. . . .  We also feel the department allowed its own corrective measures to be violated by not ensuring that Due Process came to a lawful end."  (Paper 19 at 2-3).

It is the obligation of the state DOE to establish a process that complies with the IDEA, and for assuring that the IDEA's requirements are carried out.  See 20 U.S.C. § 1415; Fetto v. Sergi, 181 F. Supp. 2d 53, 74 (D. Conn. 2001) ("the state has complied by establishing a due process hearing procedure whereby any given IEP can be challenged and changed").  Once a procedure is established and an independent hearing officer is chosen, the DOE has no power to review the hearing officer's determination.  See Lillebask v. Sergi, 117 F. Supp. 2d 192, 198 (D. Conn. 2000).  Therefore, the general rule is that the actions of individual hearing officers will not impute IDEA liability to state defendants.  See Pachl ex rel. Pachl v. Seagren, 373 F. Supp. 2d 969, 980 (D. Minn. 2005); Lillebask, 117 F. Supp. 2d at 198; Fritschle v. Andes, 25 F. Supp. 2d 699, 705 (D. Md. 1998).

In Lillebask, the court explained that state departments of education are deliberately separated from the hearing

officer and his decision-making.  "The IDEA affords parents and children procedural safeguards to obtain appropriate guarantees of education. . . .  These procedural safeguards, in part protect and insulate parents and their children, from department of education political machinations. . . .  With the procedural system in place, parents, local school boards, hearing officers, and this court must ensure that [a plaintiff's] substantive interests are protected."  Lillebask, 117 F. Supp. 2d at 198.  Because the IDEA's due process system isolates the DOE from the decision of the independent hearing officers, "[l]iability may not flow from decisions over which State Defendants have no control and can not legally influence."  Id.

The DeMerchants' complaint focuses primarily on the allegedly wrongful acts by the hearing officer.  In their subsequent filings, they argue that the DOE bears substantial responsibility for those acts.  The law dictates, however, that because the DOE has no power over the hearing officer or his rulings, it cannot be held liable for his actions.  The DOE's motion for judgment on the pleadings is, therefore, GRANTED, and the DOE is DISMISSED from this case.

III.  School Department's Motion to Dismiss

The School Department has also moved to dismiss, arguing that the DeMerchants may not proceed *pro se* on behalf of their

7

son.  To the extent that the DeMerchants are claiming infringements on their rights as parents under the IDEA, the School Department concedes that such claims may be brought without the assistance of counsel.  Nonetheless, the School Department maintains that any claims for substantive relief on behalf of K.D. must be brought by an attorney.

The Second Circuit has recognized parents' rights under the IDEA, and has allowed for *pro se* suits brought by parents seeking to enforce those rights.  <u>Wenger v. Canastota Cent. Sch. Dist.</u>, 146 F.3d 123, 126 (2d Cir. 1998), <u>cert.</u> <u>denied</u>, 526 U.S. 1025 (1999).  In <u>Wenger</u>, the court stated that the father was "of course, entitled to represent himself on his claims that his *own* rights as a parent under the IDEA were violated by the defendants' failure to follow appropriate procedures."  <u>Id.</u> (emphasis in original).  Therefore, as the School Department properly acknowledges, the DeMerchants may proceed on their claims that they, as parents, were wrongfully denied meaningful participation in the due process hearing.

In response to the School Department's motion, the DeMerchants state that "[w]e in truth are not representing [K.D.] we are representing ourselves, this case is about the DOE ordered Due Process hearing and the fact that it did not happen.  It is the rights afforded to us that have been violated, it is a sad end result that those violations impact

[K.D.]."  (Paper 18 at 1).  It would appear from these statements that the DeMerchants seek only to litigate their claim that they, as parents, were denied meaningful participation in the due process hearing.  In a filing submitted on the same date as their response, however, the DeMerchants filed a "Request for Relief" (Paper 20) in which they set forth the substantive relief they are seeking for their son.  This relief would consist of an order requiring independent testing, which the DeMerchants prefer to have performed at Children's Hospital in Boston.  In essence, this request seeks to overturn the determination by the hearing officer, and to grant K.D. the publicly-funded independent testing that his parents claim he requires.

The Second Circuit has held that parents may not bring an action *pro se* to enforce the rights of their child, and that the child must instead be represented by counsel.  See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Wenger, 146 F.3d at 124-25.  "Where [minors] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  Cheung, 906 F.3d at 61.  Indeed, the Second Circuit recently reiterated the "general rule . . . that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."  Tindall v.

9

Poultney High Sch. Dist., 414 F.3d 281, 286 (2d Cir. 2005).
Accordingly, to the extent that the DeMerchants seek to
enforce their son's substantive rights, and to obtain
substantive relief on his behalf, they must retain counsel.
If, within 45 days after the date hereof, counsel files an
appearance on behalf of K.D., K.D.'s substantive claims may
proceed.  The failure of counsel to enter such an appearance
will result in the dismissal of K.D.'s claims without
prejudice.  The Court expresses no opinion at this time with
respect to the merits of K.D.'s substantive claims.[1]  To the
extent that the DeMerchants are claiming that their rights as
parents under the IDEA were violated, their *pro se* claims may
proceed.

## Conclusion

For the reasons set forth above, the DOE's motion for
judgment on the pleadings (Paper 11) and the School
Department's motion to dismiss (Paper 15) are GRANTED.  Any
substantive claims being brought on behalf of K.D. will be

---

[1] The School Department has requested a pretrial
conference "to elicit from the Plaintiffs specificity
regarding their allegations so that this matter may proceed to
its conclusion as efficiently and expeditiously as reasonably
possible."  (Paper 23 at 5).  In light of the Court's ruling
on the motions to dismiss, it is presumed that a conference
may no longer be required.  If the parties still seek a status
conference, they shall so notify the Court.

dismissed without prejudice unless counsel enters an appearance on his behalf as set forth above.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 7th day of August, 2006.

                                                /s/ J. Garvan Murtha
                                                J. Garvan Murtha
                                                United States District Judge